# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| UNITED STATES OF AMERICA, | ) |
|---|---|
| Plaintiff, | ) |
| vs. | ) Case No. 12-40103-01-JAR |
| BRIAN LAUB, | ) |
| Defendant. | ) |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

Defendant Brian Laub was charged in a three-count Superseding Indictment with several violations, including one count of distribution of child pornography in violation o f 18 U.S.C. § 2252(a)(2). The other counts were disposed of prior to trial and Count 1 is the only remaining count before the Court.[1] A bench trial was held on February 2, 2014. This decision represents the Court's findings of fact and conclusions of law pertaining to Count 1, for distribution of child pornography.

## I.  Findings of Fact

John McElyea, an FBI task force officer, employed a computer program designed for law enforcement officers to track individuals who use peer-to-peer file sharing applications, such as Shareaza 2.5.5.0, to share visual depictions of minors engaged in sexually explicit conduct ("child pornography"). Defendant Brian Laub installed Shareaza to locate and download images of child pornography for his possession.

---

[1]Defendant was also charged with one count of possession of child pornography and one count of receipt of child pornography, in violation of 18 U.S.C. §§ 2252(a)(4)(B) and 2252(a)(2) respectively. Defendant pled to the possession count and the receipt count was dismissed in a hearing before the Court on January 13, 2014.

Officer McElyea, through a keyword search for the term "lsm,"[2], determined that an IP address assigned to Defendant contained forty-four files that were responsive to the search term. Officer McElyea testified that based on his training and experience, nearly all forty-four filenames, which contained references to an age under eighteen years old (e.g. "9 yo, 14 yo, or the word preteen, pedo or ptsc"[3]), were filenames indicative of child pornography.

Officer McElyea downloaded ten image files and one video file from Defendant's computer.[4] Officer McElyea then viewed all of the files that he downloaded. Officer McElyea testified that, based on his training and experience, all but one of the files that he downloaded from Defendant's computer constituted child pornography.

There is no direct evidence that Defendant, by email, postings or otherwise, transmitted, delivered or distributed child pornography to another person. And, Shareaza did not allow Defendant to distribute images by placing files into other users' folders. Rather, Shareaza allowed sharing by allowing other users of peer-to-peer file sharing networks access to the contents of Defendant's shared folder. This is how Officer McElyea gained access to the child pornography in Defendant's possession, through Defendant's shared folder in Shareaza. Officer McElyea did not have any special access to Defendant's files beyond the access of other users. All forty-four images were located in a shared folder that was available to McElyea and other users of peer-to-peer file sharing networks.

Officer McElyea referred the investigation to Detective Craig Enloe of the FBI Kansas

---

[2] a common label or term present in files or documents containing images of child pornography.

[3] Doc. 71 at 2. Detective Enloe testified that "Ptsc" was an acronym for "pre-teen soft core."

[4] Detective McElyea testified that he elected to download a select amount of the smaller files, which would be sufficient to generate probable cause for a search warrant.

City Division. On February 2, 2012, Detective Enloe interviewed Defendant. Defendant admitted that his collection of child pornography included images and three to four videos. At one point, Defendant estimated that he had downloaded over 1,000 images but later told Officer Enloe that he had likely downloaded fewer than 1,000 images. Defendant stated that he was unaware that other users could access and download the files that were contained in his shared folder on Shareaza. Officer McElyea testified that he could not confirm whether Defendant received a notification when McElyea downloaded the files from Defendant's shared folder.

A DVD-R was seized from Defendant's home; and, according to Defendant, he copied the child pornography files to the DVD-R as backup, in the event that his computer crashed.

There are multiple steps involved in installing Shareaza 2.5.5.0. Fifteen screen prompts require users to actively select an option, such as clicking "Next," to advance to the following screen. The "Welcome to Shareaza!" screen prompt informs users that the "QuickStart wizard" will help them "Choose which files to share" and "Connect to your choice of P2P[5] networks."[6] The next screen prompt reads as follows:

> P2P networks are only as good as the people who use them. All of the content available for download is being shared by another user.
>
> You do not have to share content to use Shareaza, however some software will behave differently to users who are not sharing anything.
>
> Please indicate which folders, if any, you wish to share. Simply click the Add button to add a new folder.[7]

---

[5]"P2P" is an acronym for peer-to-peer.

[6]Ex. 13 at 12.

[7]*Id.* at 14.

This screen prompt twice explains that the decision to share the content is the user's choice. To complete the installation process, users are also required to accept a license agreement for the software, users are given the option to select from multiple peer-to-peer networks to access from Shareaza, and users are informed of the process required to change their settings. While many screen prompts already have a default option highlighted, users are always required to click a button to proceed to the next screen. Users also have the option select the "Cancel" and/or "Back" button to amend previous selections.

## II.     Conclusions of Law

Defendant argues that his use of Shareaza did not constitute distribution; and, that he did not have the requisite intent of knowingly distributing child pornography files. The Court finds beyond a reasonable doubt that the use of Shareaza constituted distribution and that Defendant used Shareaza with the knowledge and intent to distribute child pornography to other users.

Pursuant to 18 U.S.C. § 2252(a)(2), it is unlawful for any person to distribute child pornography by any means, including via computer. Although the relevant statute does not define "distribute," the Tenth Circuit noted that this Court's jury instruction in another case captured the plain meaning of the term, that distribute means "to deliver or transfer possession of it to someone else."[8] The Tenth Circuit further reasoned that "freely allow[ing]" access to a "computerized stash of images and videos and openly invit[ing]" others to take or download those images crosses the threshold of distribution.[9]

It is undisputed that Shareaza is an application specifically designed for file-sharing

---

[8]*United States v. Shaffer*, 472 F.3d 1219, 1223 (10th Cir. 2007).

[9]*Id.*

among users across several networks. Defendant admitted that he downloaded child pornography from others, through Shareaza. Officer McElyea was able to access those same files from Defendant's shared folder. Officer McElyea did not have any special access to the files in Defendant's shared folder that other users did not also have. Put another way—if McElyea could access Defendant's files containing child pornography, then other users could also access Defendant's files containing child pornography.

During the Shareaza installation process, Defendant was warned that content available for download had been shared by another user; and Defendant had the opportunity to indicate whether or not he wanted to share any of his own folders. During his installation of Shareaza, Defendant was clearly warned that he had the choice whether or not to share files; and he was informed that he could avoid sharing by removing files from the shared folder, either during installation, or later, through changing the settings. The multiple-step installation process of Shareaza, which included 15 screen prompts, repeatedly informed Defendant that he was choosing to distribute files placed in his shared folder. Defendant was repeatedly warned that Shareaza was designed, not simply for acquiring, but for sharing files among users. As the Eighth Circuit has explained, "Absent concrete *evidence* of ignorance—evidence that is needed because ignorance is entirely counterintuitive—a fact-finder may reasonably infer that the defendant knowingly employed a file sharing program for its intended use."[10]

Defendant was not an unknowledgeable, unsophisticated computer user. While he was not a computer technician, he was sophisticated enough to successfully install Shareaza, which included multiple steps that required his active participation. While default settings were

---

[10]*United States v. Dodd*, 598 F.3d 449, 452 (8th Cir. 2010) (citations omitted).

highlighted for selection, Defendant still had to confirm that he selected the default options by clicking a button. If Defendant was not satisfied with one of the options he selected, he had the opportunity to amend his previous selections by clicking "Back" or canceling the installation process altogether.

The Court finds that Defendant was sophisticated enough to install Shareaza, sophisticated enough to know and understand that its purpose was to acquire and share files, and sophisticated enough to know that he could choose not to share, as prompted during the installation process. Just as Defendant was sophisticated enough to successfully back-up his child pornography files on a DVD-R, he was sophisticated enough to read and understand the screen prompts during installation, sophisticated enough to not choose the default options during the installation and sophisticated enough to change the file-sharing settings on Shareaza after installation. Therefore, the Court finds, beyond a reasonable doubt that Defendant knowingly distributed files containing child pornography.

**III.  Conclusion**

Based on the above stated findings of fact and conclusions of law, the Court finds that Defendant is adjudged guilty of Count 1 for distribution of child pornography, in violation of 18 U.S.C. § 2252(a)(2).

**IT IS SO ORDERED.**

Dated: April 10, 2014

 S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE